[Civ. No. 9331.   Third Dist.   June 11, 1958.]

CHRISTIAN SERVICE SOCIETY (a Membership Cemetery Corporation), Appellant, v. THE COUNTY OF BUTTE, Respondent.

Frank L. Willis for Appellant.

Charles H. Andrews, County Counsel, and Francis R. Crable, Assistant County Counsel, for Respondent.

WARNE, J. pro tem.*—Plaintiff, Christian Service Society, a membership cemetery corporation, successor in interest to the Chico Burial Society, appeals from a judgment denying plaintiff relief in an action for declaratory relief and declaring that plaintiff had established no preexisting or nonconforming use for cemetery purposes in the land involved herein prior to the adoption by Butte County of a certain interim zoning ordinance and a succeeding permanent zoning ordinance.

On August 4, 1953, plaintiff, through its predecessor in interest, acquired possession of certain real property consisting of 14 acres, pursuant to a contract of purchase executed by it and the owners thereof whereby the Chico Burial Society agreed to purchase the property for the purpose of establishing a cemetery. The agreement provided that no interments in the property should be made until $1,000 had been paid and that only one acre should be dedicated for use for cemetery purposes until the total purchase price had been paid.

Pursuant to the authority vested in it under the provisions of the Health and Safety Code, plaintiff recorded, on September 3, 1953, its declaration of intention to use the land in question for cemetery purposes. Section 8525 of that code provides: "A cemetery authority may execute a declaration acknowledged so as to enable it to be recorded, describing the property and declaring its intention to use all or part of the property for cemetery purposes." And section 8526 provides: "The declaration may be filed for record in the office of the recorder of the county in which the property is situated, and from the date of filing the declaration is constructive notice of the use for which the property is intended." Prior to the date of recordation petitions requesting that the area be zoned were received by the Board of Supervisors of

*Assigned by Chairman of Judicial Council.

Butte County from residents of the surrounding area. On September 8, 1953, the board adopted an interim zoning ordinance effective immediately, as an emergency measure to maintain the status quo, for an area including said land. Following hearings by the planning commission and its recommendations, the board adopted, on December 14, 1953, effective 30 days thereafter, a permanent zoning ordinance. Neither ordinance prohibited cemeteries, but required a use permit for such land use. On September 14, 1953, plaintiff petitioned the commission for a variance. The commission considered the petition as an application for recognition of an existing nonconforming use in the real property. The petition was subsequently denied by the commission and the board upon the ground that an existing nonconforming use for cemetery purposes had not been established by plaintiff. No formal application for a use permit pursuant to said ordinance was filed by plaintiff.

In August, 1953, plaintiff dug, at negligible expense, certain test holes to determine whether or not the ground was suitable for graves, and also commenced the construction of a caretaker's house on the property. In April, 1955, plaintiff surveyed one acre thereof, and on April 5, 1955, filed a map or plat showing the results of said survey and purporting to dedicate one acre of this land for cemetery purposes. No use was made by plaintiff of this property for cemetery purposes up to the time of trial. The only expense incurred to improve the real property was for the construction of said caretaker's house.

Plaintiff contends that the court erred in declaring that plaintiff had not established a preexisting or otherwise legally recognized cemetery on the land, and under such circumstances the zoning ordinances of the county of Butte had no effect on the right of plaintiff to use the land without further permit.

We find no merit in this contention since there had been no dedication of the land prior to the enactment of either ordinance. Section 8550 of the Health and Safety Code provides that the cemetery authority from time to time, as its property may be required for interment purposes, shall survey and subdivide it into sections, blocks, plots, avenues, walks or other subdivisions and make a good and substantial map or plat showing the sections, blocks, plots, avenues, walks or other subdivisions, with descriptive names or numbers. Section 8551 of said code provides: "The cemetery authority shall

file the map or plat in the office of the recorder of the county in which all or a portion of the property is situated. The cemetery authority shall also file for record in the county recorder's office a written declaration of dedication of the property delineated on the plat or map, dedicating the property exclusively to cemetery purposes.'' Section 8553 provides: ''Upon the filing of the map or plat and the filing of the declaration for record, the dedication is complete for all purposes and thereafter the property shall be held, occupied, and used exclusively for a cemetery and for cemetery purposes.''

▮ In the case of *Application of Laurel Hill Cemetery Assn.*, 73 Cal.App. 193, 196 [238 P. 732], the court said: ''He who would assert that a dedication has been made must show that all of the calls of the statute have been followed because such provisions have been held to be of the substance of the creation of a dedication.'' ▮ In the instant case ''all of the calls of the statute'' had not been made prior to the enactment of either ordinance. In fact, plaintiff makes no claim that prior to the adoption of such ordinances it had filed the map or plat for record as required by section 8551, or the declaration dedicating the property exclusively to cemetery purposes in compliance with section 8551. A compliance with the provisions of the statute following the enactment of the zoning ordinance did not exempt plaintiff from a compliance with all the terms of said ordinance.

Since we have concluded that the judgment must be affirmed for this reason alone, we deem it unnecessary to discuss the other points presented in the briefs.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.